# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HASTINGS,<br><br>                           Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, *et al.*,<br><br>                        Defendants. | Case No. 19-cv-2217-BAS-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**[ECF No. 16]** |

Presently before the Court is Plaintiff David Hastings' Motion for Leave to Amend Complaint. ("Mot.," ECF No. 16.) Defendants Ford Motor Company and Ford of Chula Vista filed an opposition to the Motion, ("Opp'n," ECF No. 19), to which Plaintiff replied, ("Reply," ECF No. 22). The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Motion.

## I.    BACKGROUND

Plaintiff filed a complaint in California State Court asserting claims against Ford Motor Company for violation of the Song-Beverly Consumer Warranty Act, violation of the Magnuson-Moss Warranty Act, and fraud by omission. (ECF No. 1-3.) The complaint also contains a cause of action for negligent repair against Ford of Chula Vista. Plaintiff claims he bought a vehicle from Ford which contained defects. Plaintiff alleges Ford has not serviced or repaired the vehicle to conform to

the applicable express warranties. Plaintiff further alleges Ford also will not replace the vehicle or provide restitution. Defendants removed the case to this Court. (ECF No. 1.) Defendants both answered the complaint. (ECF Nos. 2, 3.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982) ). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## III. ANALYSIS

Plaintiff seeks to amend his complaint to "provide[] clarification to [his] supporting factual allegations." (Mot. at 2.) Specifically, Plaintiff seeks to

> (1) identify the engine of the Subject Vehicle as a 6.7L engine as opposed to a 6.4L engine, (2) cite to the class action lawsuit that was attached to Plaintiff's Complaint as Exhibit 1, which tolled Plaintiff's causes of action and put Defendants on notice of Ford's defective diesel-fueled automobiles equipped with a 6.7L engine for model years

2011-present, and (3) to correct any further errors stemming from these inadvertent errors and/or referring to them.

(Mot. at 3.) In their opposition to the Motion, Defendants argue futility, pointing out what they see as numerous flaws in Plaintiff's claims. For example, Defendants contend the Song-Beverly claims are futile because Plaintiff's vehicle was purchased outside of California and the statute does not apply to out-of-state purchases. (Opp'n at 1.) The problem with Defendants' arguments is that they do not address any flaws in the amendments themselves. Defendants take issue with the complaint as it stands now, and their futility argument relates only to allegations that have been made since the inception of this case.

The Court must evaluate whether the amendment itself is futile; it would be improper to rule on the merits of Plaintiff's complaint at this time. *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (analyzing whether "it would be futile to permit amendment of the complaint"); *Riley v. Modesto Irr. Dist.*, No. CV F 10-2281 AWI GSA, 2011 WL 1459154, at *2 (E.D. Cal. Apr. 15, 2011) ("[F]utility of amendment is tied to what the pleading party *could* allege, not what it did allege."). The current Motion only seeks to make a few specific amendments to the complaint, none of which Defendants argue are futile. Defendants' arguments are better suited for a motion to dismiss.[1] The Court finds leave to amend should be granted in the interests of justice.

///

---

[1] Defendants also argue that Plaintiff seeks amendment in bad faith because Plaintiff has not included the amendments that the parties discussed in meet and confer discussions and because Plaintiff "refuses" to acknowledge the out-of-state purchase of the car. (Opp'n at 8.) Plaintiff is the master of his own complaint and just because he did not make the amendments that Defendants discussed with his counsel does not mean amendment is sought in bad faith.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. (ECF No. 16.) Plaintiff **SHALL** file the amended complaint attached to his Motion <u>on or before March 13, 2020.</u>

**IT IS SO ORDERED.**

DATED: March 10, 2020

*Cynthia Bashant*
Hon. Cynthia Bashant
United States District Judge