UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HASTINGS,<br><br>             Plaintiff,<br><br>     v.<br><br>FORD MOTOR COMPANY, et al.<br><br>             Defendants. | Case No. 19-cv-2217-BAS-MDD<br><br>**ORDER**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS THE MAGNUSON-MOSS WARRANTY ACT CLAIMS; AND**<br><br>**(2) DENYING AS MOOT THE RULE 56 MOTION AS TO THE SONG-BEVERLY WARRANTY ACT CLAIMS**<br><br>**(ECF No. 32)** |

   Plaintiff David Hastings bought a vehicle from Defendant Ford Motor Company in 2013. Within a year, the vehicle started having various mechanical problems. To repair the vehicle, Mr. Hastings took it to Defendant Ford of Chula Vista and other Ford facilities. The vehicle continued to have mechanical problems after the repair services. When Ford

Motor Company declined to buy back the vehicle, Mr. Hastings brought this suit. The Court is asked to decide whether Mr. Hastings states a plausible claim of breach of express and implied warranty under the Magnuson-Moss Warranty Act. The Court finds the motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court grants in part and denies in part Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's Sixth Cause of Action brought under the Magnuson-Moss Warranty Act.

I.   **BACKGROUND**[1]

Plaintiff David Hastings bought a 2013 Ford F350 Super Duty vehicle ("Vehicle") on March 8, 2013, for personal use purposes. (First Am. Compl. ("FAC") ¶ 8, ECF No. 24.) Mr. Hastings received an express written warranty upon purchase of the Vehicle, which included "a 3-year/36,000 mile express bumper to bumper warranty and a 5-year/60,000 mile powertrain warranty which, inter alia, covers the engine and transmission." (*Id.* ¶ 9.) The express warranty provided that if a defect in a covered area of the Vehicle developed during the warranty period, Mr. Hastings could deliver it to a Ford facility, and it would be repaired. (*Id.*)

During the warranty period, Mr. Hastings detected a number of defects in the Vehicle, including defects in its engine and transmission system. (FAC ¶ 10.) Mr. Hastings had the Vehicle repaired at least five times between 2014 and 2019, at Ford of Chula Vista and other authorized Ford facilities. (*Id.* ¶¶ 20–24.) The Vehicle continued to exhibit problems with its engine despite Defendants' representations that the defects were fixed. (*Id.* ¶ 25.)

After Ford declined to buy back the Vehicle, Mr. Hastings sued Ford Motor Company. Among other causes of action, the FAC alleges that Ford violated the Magnusson-Moss Warranty-Federal Trade Commission Improvement Act ("Magnuson-

---

[1] All facts are taken from the FAC. For the purposes of the Rule 12(b)(6) motion, the Court assumes all facts alleged in the FAC are true. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

Moss Warranty Act"), 15 U.S.C. §§ 2301 *et seq.*, by breaching express and implied warranty created under California law. (FAC ¶¶ 68–80.)

Defendants moved to dismiss Plaintiff's FAC, and the Court denied the motion as to Plaintiff's claims for negligent repairs and fraud by omission. (ECF No. 40.) As to Plaintiff's First through Fifth Causes of Action brought under the Song-Beverly Consumer Warranty Act ("Song-Beverly Warranty Act"), Cal. Civ. Code §§ 1790, *et seq.*, the Court converted Defendants' Rule 12 motion to a Rule 56 motion on whether Plaintiff purchased the Vehicle in California. *Id.* The Court took under advisement Defendants' motion to dismiss the Sixth Cause of Action brought under the Magnuson-Moss Warranty Act, pending the resolution of the Song-Beverly Warranty Act claims. Plaintiff filed a stipulated dismissal of the First through Fifth causes of action brought under the Song-Beverly Warranty Act, which the Court granted. (ECF Nos. 41, 42.) The only remaining issue presented by Defendants' Rule 12(b)(6) motion is whether the FAC states a plausible claim under the Magnuson-Moss Warranty Act.

## II.   RULE 12(b)(6) LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Although the court accepts plaintiff's factual allegations as true, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**III.   ANALYSIS**

The Magnuson-Moss Warranty Act creates a private right of action for any "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the Magnuson-Moss Warranty Act], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). A plaintiff may sue for violations of the Act's own terms[2] or for breaches of warranty arising from state substantive law. "[T]he [Magnuson-Moss Warranty Act] does not make applicable state law that would not otherwise apply." *Scott v. Jayco Inc.*, 443 F. Supp. 3d 1143, 1151 (E.D. Cal. 2020).

Where, as here, a plaintiff sues under the Magnuson-Moss Warranty Act to challenge the defendant's alleged breach of its warranties under state law, "the claims under the Magnuson-Moss Act stand or fall with [the plaintiff's] express and implied warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 & n.3 (9th Cir.

---

[2] The Magnuson–Moss Warranty Act "creates federal minimum disclosure and content requirements for written consumer product warranties," in addition to giving consumers a private cause of action for breach of warranty under state law. *See Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1115 (C.D. Cal. 2007).

2008). "The California Uniform Commercial Code governs warranties in the sale of goods," and the Song-Beverly Warranty Act "governs warranties for consumer goods." *Richian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1331 (2014), *as modified* (July 1, 2014). The Song-Beverly Warranty Act "makes clear its pro-consumer remedies are in addition to those available to a consumer pursuant to the Commercial Code (Civ. Code, § 1790.3) and the Unfair Practices Act (Civ. Code, § 1790.4)." *Murillo v. Fleetwood Enters., Inc.*, 17 Cal. 4th 985, 990 (1998).

Courts turn to "the applicable state law" to determine what remedies are available under the Manguson-Moss Warranty Act. *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (collecting cases).

### A.  Breach of Express Warranty

Defendants seek to dismiss Plaintiff's claim for breach of express warranty brought under the Magnuson-Moss Warranty Act for factual insufficiency. Under the California Uniform Commercial Code, express warranties may be created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain"; "[a]ny description of the goods which is made part of the basis of the bargain"; or "[a]ny sample or model which is made part of the basis of the bargain." Cal. Com. Code § 2313. As remedy for breach of express warranty, the statute provides "the difference between . . . the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Cal. Com. Code § 2714(2).

To state a breach of express warranty claim under subdivisions (1)(a) and (b) of Section 2313 of the California Uniform Commercial Code, a plaintiff must allege that "(1) the seller's statements constitute an 'affirmation of fact or promise' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached." *See Weinstat v. Dentsply Internat., Inc.*, 180 Cal. App. 4th 1213, 1227 (2010). "Pre-Uniform Commercial Code law governing express warranties required the

purchaser to prove reliance on specific promises made by the seller. The Uniform Commercial Code, however, does not require such proof." *Id.*

Here, Plaintiff states that he "received an express written warranty, including, a 3-year/36,000 mile express bumper to bumper warranty and a 5-year/60,000 mile powertrain warranty which, inter alia, covers the engine and transmission," and that a Ford representative would repair the Vehicle if a covered defect arose during the warranty period. (FAC ¶ 9.) That statement constituted an affirmation of fact or promise. Reading the facts in the light most favorable to Plaintiff, it is plausible that Ford's representations became a part of the basis of the bargain. *See Weinstat*, 180 Cal. App. 4th at 1228 ("[R]epresentations that actually reach the buyer before the purchase is consummated can become part of the 'basis of the bargain.'") Plaintiff states that Ford breached the warranty by failing to repair the defect or buy back the Vehicle, after repeated repair attempts that took place between 2014 and 2019. (FAC ¶¶ 19–31.) Read in the light most favorable to Plaintiff, the FAC supports a plausible claim that Ford breached the express warranty in violation of California Commercial Code.

Defendants argue that Plaintiff's FAC "relies entirely on" Plaintiff's allegations that Ford violated the Song-Beverly Act, and he thus cannot state a valid breach of warranty claim under the Magnuson-Moss Warranty Act. Federal pleading rules do not support "dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). Plaintiff was not required to plead precisely which California warranty law supports his claim under the Magnuson-Moss Warranty Act. As stated above, the factual allegations in the FAC state a plausible claim that Ford violated the California Commercial Code's provisions on express warranty. That is enough to sustain a cause of action for breach of express warranty under the Magnuson-Moss Warranty Act.

Defendants also argue that because Plaintiff has no claim under the Song-Beverly Warranty Act, he may not seek remedy under that Act for his Magnuson-Moss Warranty Act claim. The Court need not resolve that issue to determine whether the Magnuson-

Moss claim survives the Rule 12(b)(6) motion because, as stated above, Plaintiff may recover under the California Commercial Code. Cal. Com. Code § 2714(2). *Cf. Scott*, 443 F. Supp. 3d at 1151 (holding that even where the Song-Beverly Warranty Act did not support remedies for the plaintiff's Magnuson-Moss Warranty Act claim, the plaintiff could recover under California's Uniform Commercial Code).

Therefore, the Court denies Defendants' motion to dismiss Plaintiff's claim for breach of express warranty brought under the Magnuson-Moss Warranty Act.

### B.     Breach of Implied Warranty

Defendants argue that Plaintiff has no cause of action for implied warranty of merchantability under California law because he does not share vertical privity with Defendants. As Defendants point out, Plaintiff cannot avail himself of the substantive provisions of the Song-Beverly Warranty Act unless he bought the Vehicle in California. *D.L. Edmonson Selective Serv. Inc. v. LCW Auto. Corp.*, 689 F. Supp. 2d 1226, 1235 (C.D. Cal. 2010) ("[W]hen title passes outside of California, the Song-Beverly Act does not apply.") Plaintiff does not argue that the title passed in California, and the Court has granted his voluntary dismissal of the Song-Beverly Warranty Act claims. (ECF No. 42.)

Plaintiff cannot avail himself of the provision of the California Commercial Code that governs the implied warranty of merchantability, because he has not shown that he "stand[s] in vertical contractual privity with the defendant." *Clemens*, 534 F.3d at 1023 ("A buyer and seller stand in privity if they are in adjoining links of the distribution chain."). "[A]n end consumer such as [the plaintiff] who buys from a retailer is not in privity with a manufacturer." *Id.* There are certain exceptions, including where "the plaintiff relies on written labels or advertisements of a manufacturer" or others that "arise in special cases involving foodstuffs, pesticides, and pharmaceuticals, and where the end user is an employee of the purchaser." *Id.* Plaintiff has not shown that any exception to the vertical privity requirement applies here.

Therefore, Plaintiff has no claim for breach of implied warranty of merchantability under the Magnuson-Moss Warranty Act.

## IV. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's Magnuson-Moss Warranty Act claim. Plaintiff's claim for breach of implied warranty of merchantability is dismissed with prejudice. Plaintiff's claim for breach of express warranty may proceed.

The Court **DENIES AS MOOT** the Rule 56 motion for summary judgment on the Song-Beverly Warranty Act claims, based on Plaintiff's voluntary dismissal of those claims. (ECF No. 42.)

**IT IS SO ORDERED.**

DATED: October 19, 2020

Hon. Cynthia Bashant
United States District Judge