UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HASTINGS,<br><br>                            Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY and FORD OF CHULA VISTA,<br><br>                            Defendants. | Case No.: 19cv2217-BAS-MDD<br><br>**ORDER GRANTING IN PART EX PARTE MOTION TO AMEND THE SCHEDULING ORDER**<br><br>[ECF No. 60] |

On March 12, 2021, Plaintiff moved, *ex parte*, to continue all deadlines in the Court's Scheduling Order by 90 days.  (ECF No. 60-1).  Defendants filed a declaration of counsel in which they do "not object to the 30(b)(6) deposition, Plaintiff's deposition . . . , or the vehicle inspection" being continued to a date after April 1, 2021.  (ECF No. 68 at 5).

District courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit."  *Crawford-El v. Britton*, 523 U.S. 574, 599 (1988).  Scheduling orders are issued pursuant to Federal Rule of Civil Procedure 16(b) to limit the time to join parties, amend the pleadings, complete discovery and file motions.  Fed. R. Civ. P. 16(b)(1)-(3).  Once in

place, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the deadlines set forth in the order.  *See Zivkovic v. So. Cal. Edison Co.*, 32 F.3d 1080, 1087-88 (9th Cir. 2002).  Under Ninth Circuit precedent, "a client is ordinarily chargeable with his [prior] counsel's negligent acts."  *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

In support of his motion, Plaintiff contends good cause exists because counsel "inadvertently missed" various deadlines and because Plaintiff has "generally been diligent in discovery."  (ECF No. 60-1 at 3, 6).  Plaintiff explains that "the attorney at Plaintiff's counsel firm . . . who had been responsible for tracking and calendaring the deadlines in this matter, left the firm but neglected to advise [the firm] that the expert deadlines were coming due and/or had been missed."  (*Id.* at 4).  Moreover, "the attorney who had been assuming some of [former counsel's] duties as to fact discovery . . . did not realize that the expert deadlines had been missed as well."  (*Id.*).  Counsel's negligence in case management is not good cause to amend the scheduling order.  Nevertheless, Defendants do not object to extending the discovery deadline beyond April 1, 2021 for the sole purpose of taking a 30(b)(6) deposition of Defendant's corporate representative, Plaintiff's deposition, and the vehicle inspection.  (ECF No. 68 at 5).

Accordingly, the Court **GRANTS IN PART**, Plaintiff's *ex parte* motion and extends the discovery completion date to April 18, 2021 for the sole

1  purpose of taking a 30(b)(6) deposition of Defendant's corporate
2  representative, Plaintiff's deposition, and the vehicle inspection.  <u>All other</u>
3  <u>dates and guidelines remain as previously set.</u>  (*See* ECF No. 49).
4  **IT IS SO ORDERED**.
5  Dated:   March 22, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge