UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HASTINGS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19-cv-2217-BAS-MDD<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL**<br><br>[ECF No. 63] |

　　　This case involves the purchase by Plaintiff of a 2013 Ford F-350 truck in Texas. Plaintiff alleges that the vehicle contained a defective engine and that Defendants failed to repair the vehicle and refused to re-purchase the vehicle. After considerable litigation, the operative First Amended Complaint alleges a violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, fraud by omission, and negligent repairs (Sixth Cause of Action), Negligent Repair (Seventh Cause of Action) and Fraud by Omission (Eighth Cause of Action). (ECF No. 24). Plaintiff's claims under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*, were dismissed without prejudice by Plaintiff (by its terms, the Song-Beverly Act only applies to new vehicles sold to consumers in California).

　　　Before the Court is a Motion to Compel Production regarding twelve

requests for production served by Plaintiff. (ECF No. 63). Defendants responded in opposition on March 30, 2021. (ECF No. 71).

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld based on that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City*

*of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

Plaintiff is seeking an order compelling Defendants to produce additional records pursuant to its requests for production ("RFP") 1, 7, 19, 21, 24, 26, 27, 61, 63, 64, 68 and 69.  In support, Plaintiff argues that it is seeking information relevant to its claims, "including civil penalty liability under California's [Song-Beverly Act]." (ECF No. 63-1 at 2, 15-17).[1]  Plaintiff is under the impression that the remedies of the Song-Beverly Act are available to him despite the dismissal of all Song-Beverly claims.  The Court disagrees.

1. Discovery Relevant to Song-Beverly Act Damages

The Magnuson Moss Warranty Act ("MMWA") does not include a remedial scheme. Instead, for claims raised under the MMWA, courts look to "applicable state law" to determine damages. *See Order on Defendants' Motion to Dismiss* (ECF No. 40 at 13). Previously, in this case, the district judge declined to address Defendants' argument that Plaintiff is not entitled to remedies under the Song-Beverly Act. The Court ruled that because Plaintiff is entitled to remedies under the California Commercial Code, Cal. Com. Code § 2714(2), the Court need not address the availability of remedies under the Song-Beverly Act.  ECF No. 43 at 7.

To the extent that Plaintiff is seeking discovery relevant only to damages available under the Song-Beverly Act, it behooves this Court to determine Plaintiff's entitlement to that discovery.  Plaintiff is entitled to discovery relevant to "claims and defenses" under Rule 26.  With the

---

[1] The Court will refer to pincites supplied by CM/ECF rather than original pagination throughout.

dismissal of all Song-Beverly claims, the question is whether Plaintiff's claim under the MMWA incorporates the remedial scheme of the Song-Beverly Act. If so, Plaintiff is entitled to discovery to support his damage claim under the MMWA. If not, that is, if the MMWA does not include Song-Beverly damages in this case, Plaintiff is not entitled to Song-Beverly discovery. Recently, one of our sister courts decided that very issue adversely to Plaintiff's position. In *Scott v. Jayco, Inc.,* 443 F. Supp. 3d 1143, 1150-51 (E.D. Cal. 2020), the court found that the relevant or applicable state law to inform the remedies available under the MMWA to a plaintiff in California who cannot assert claims under the Song-Beverly Act, but has remedies otherwise available under state law, is that other state law, and not the Song-Beverly Act.

Here, the district judge has found that Plaintiff has a remedy under the California Commercial Code, Cal. Com. Code § 2714(2). The remedy comports with Plaintiff's claim under the MMWA for violation of an express warranty. Consequently, as in *Scott*, the Court finds that Plaintiff is not entitled to discovery relevant only to damages available under the Song-Beverly Act. Plaintiff argues his desire to obtain this discovery but does not tie those desires to any specific RFPs. To the extent that Plaintiff seeks that discovery in connection with the disputed RFPs, the motion to compel is **DENIED**.

2. <u>Custodians and Search Terms</u>

Plaintiff addresses in detail his desire to obtain additional information about "Symptom Codes," "Field Reports," "Internal Service Messages," "Warranty Information," and "Owner Reports," without tying those desires to specific RFPs. (ECF No. 63-1 at 2-8). Plaintiff wants Defendants to identify custodians and search databases using search terms provided by Plaintiff. To the extent Plaintiff addresses the disputed RFPs at all, it is done in the most

4

cursory manner. (ECF No. 63-1 at 12-13). Plaintiff does not mention RFP 7 at all and addresses the other eleven disputed RFPs mostly in passing.

Nonetheless, Plaintiff suggests that he is entitled to determine the way Defendants search their records, including identifying custodians, databases and search terms. Again, this is not tied to any particular RFP so the Court is compelled to address the matter generally.

Rule 34, Fed. R. Civ. P., governs request for production of documents. It does not differentiate between information stored on paper or on an electronic medium. It requires the requesting party to request "information." Rule 34(a)(1). The producing party must produce the requested information or object to the request. Rule 34(b)(2)(B). Production of electronically stored information is addressed specifically in the Rule but only regarding the form of production. Rule 34(b)(2)(D), (E). Nothing in Rule 34 requires a requesting party to identify custodians or search terms or for a producing party to accede to demands that particular custodians' files be searched or that particular search terms be used.

This Court subscribes to the view expressed in Principle No. 6 of the Sedona Principles:

> Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

*The Sedona Principles, Third Edition,* 19 SEDONA CONF. J. 1, Principle 6, 118 (2018). Moreover, the world of electronic discovery has moved well beyond search terms. While search terms have their place, they may not be suited to all productions. Technology has advanced, and software tools have developed to the point where search terms are disfavored in many cases. *See, e.g., da Silva Moore v. Publicis Groupe,* 287 F.R.D. 182, 189-91 (S.D.N.Y.

2012).

The Court will not decide whether any proposed custodians are appropriate nor on the use of the requested search terms. Instead, Plaintiff must request information, regardless of how or where it is maintained by Defendants, which Defendants must address as required by Rule 34. That is discovery: A party requests information and the burden is on the producing party to locate and produce it or object legitimately to production. To the extent Plaintiff is seeking to compel Defendants to conduct discovery as directed by Plaintiff, the Court declines to issue such an order. Defendants, however, should consider that rejecting proposed custodians and search terms carries risk: If material information is not preserved or disclosed because of an unreasonable choice, there may be sanctionable consequences. *See, e.g.,* Rule 37(e). The parties should cooperate regarding discovery and be as transparent as possible regarding discovery.

3. Specific RFPs

Although Plaintiff did not specifically address the RFPs at issue in any substantive way, Defendants did. The Court finds it has enough information to rule on the specific RFPs subject to the general rulings made above.

RFP No. 1

Plaintiff requests Defendants produce "all documents" regarding Plaintiff's vehicle. This RFP is overbroad on its face and unenforceable. Nonetheless, Defendants agreed to produce 24 categories of information. (ECF No. 63-6 at 4-6; ECF No. 71 at 17). This is sufficient, and no further production is required.

RFP No. 7

Plaintiff requests Defendants' warranty and procedure manuals from 2013 onward. Defendants have agreed to produce this information pursuant

to a protective order. Plaintiff did not address this RFP in his motion. The production proposed by Defendants is enough. No further production is required.

RFP No. 19

Plaintiff requests all documents relating to any field technical reports regarding suggested repair procedures for "commonly observed problems in Ford vehicles." Although the instructions to the RFPs define "Ford Vehicles" as "all vehicles of the same make, model and year as Plaintiff's vehicle," this RFP is patently overbroad, disproportional and unenforceable. This case alleges defects in a specific engine. Discovery of information about other issues in vehicles with other engines has no justification. It is not relevant to any claim or defense. No further response is required.

RFPs Nos. 21, 24, 26, 27, 61, 63 and 64

These RFPs all suffer an identical flaw: They seek information from Defendants for any "Engine Defect" in "Ford Vehicles" unfettered by any time limitations. Although the definition section of the RFPs limits the term "Ford Vehicles" adequately to vehicles of the same make, model and year as Plaintiff's vehicle, it does not save these RFPs. The term "Engine Defect" is not limited to the type of engine in Plaintiff's vehicle. It appears to require the production of information regarding a variety of engine issues regardless of the type of engine. Consequently, it is patently overbroad, disproportional and unenforceable. The Court will not rewrite these RFPs to make them enforceable. Defendants need not respond further.

RFPs Nos. 68 and 69

These RFPs call for Defendants to produce their 10-K and 10-Q filings for the past 3 fiscal years. Plaintiff does not address these RFPs in his Motion. Defendants respond that these are public filings with the U. S.

7

Securities and Exchange Commission.  No further response is required.

## CONCLUSION

Plaintiff's Motion to Compel is **DENIED**.  Rule 37(a)(5)(B), Fed. R. Civ. P., requires the Court to order the moving party, the attorney filing the motion, or both, to pay the opposing party its reasonable fees and expenses in opposing the motion. The Court may not order this reimbursement if the motion was substantially justified.  The Court cannot say that the instant Motion to Compel was substantially justified. Accordingly, Plaintiff and his counsel are **ORDERED to SHOW CAUSE** why they should not be required to reimburse Defendants' reasonable fees and expenses in opposing this Motion.  Plaintiff must submit a brief on or before **April 16, 2021** and no longer than five pages, supporting a finding that the positions taken by Plaintiff in this motion to compel were substantially justified. Defendants may respond on or before **April 23, 2021**, limited also to five pages.  No further reply is authorized.

**IT IS SO ORDERED**.

Dated:   April 2, 2021

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge