# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HASTINGS,<br><br>            Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY, *et al.*,<br><br>            Defendants. | Case No. 19-cv-02217-BAS-MDD<br><br>**ORDER GRANTING PLAINTIFF'S** *Ex Parte* **MOTION TO CONTINUE HEARING DATE FOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 88)** |

    Pending before the Court is Plaintiff's *ex parte* application ("App.") to continue the hearing date on Defendants Ford Motor Company and Ford of Chula Vista's motion for summary judgment ("MSJ") by a week. (Pl.'s App., ECF No. 88.) Defendants filed their MSJ on May 3, 2021, with a noticed hearing date of June 7, 2021. (Defs.' MSJ, ECF No. 85.) Under this district's Local Rules, Plaintiff is required to file his opposition to the MSJ or on or before May 24, 2021. Civ. L.R. 7.1(e)(2). On May 14, 2021, Plaintiff moved for leave to amend his pleading, noticing a hearing date of June 14, 2021. (Pl.'s Mot. Amend, ECF No. 87.) On May 18, 2021, Plaintiff filed the present *ex parte* application to continue the hearing date on Defendants' MSJ to match the noticed hearing date of his motion for leave to amend his pleading. Granting the *ex parte* motion would have the effect of

continuing the hearing date and Plaintiff's deadline to file an opposition by seven days. Defendants oppose the *ex parte* application, arguing that Plaintiff did not follow the local procedures governing *ex parte* applications and failed to show good cause. (Defs.' Opp'n to App., ECF No. 91.)

*Ex parte* relief may be granted where, as here, "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion," such as extending time to file a brief. *See In re ConAgra Foods, Inc.*, No. CV1105379MMMAGRX, 2014 WL 12580052, at *2 (C.D. Cal. Dec. 29, 2014) (holding that while "opportunities for legitimate *ex parte* applications are extremely limited," a party seeking a routine procedural order is one instance where the limited use of the relief is allowed). A short, seven-day continuance of briefing deadline is routinely granted, and the papers do not show that Defendants would be prejudiced by the continuance. Further, the emails exchanged between counsel attached to the *ex parte* application show that Defendants were on notice that their refusal to stipulate to the week-long extension would lead Plaintiff to file the present *ex parte* application. (Tabesh Decl., Ex. A, ECF No. 88-1.) The Court's policy to decide the cases on the merits also favors granting a seven-day extension to allow Plaintiff to fully brief his position.

Good cause appearing, the Court **GRANTS** Plaintiff's *ex parte* application. (ECF No. 88.) The hearing date for Defendants' motion for summary judgment (ECF No. 85) is **CONTINUED to June 14, 2021**. Going forward, the parties are encouraged to cooperate with each other and adhere to the procedures set forth in this district's local rules and this Court's Standing Order.

**IT IS SO ORDERED.**

**DATED: May 21, 2021**

Hon. Cynthia Bashant
United States District Judge