UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HASTINGS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY and FORD OF CHULA VISTA,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv2217-BAS-MDD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR REIMBURSEMENT OF REASONABLE FEES INCURRED IN OPPOSING PLAINTIFF'S MOTION TO COMPEL**<br><br>[ECF No. 86] |

Before the Court is Defendants' request for attorneys' fees expended to oppose Plaintiff's motion to compel (ECF No. 63). (ECF No. 86). Plaintiff does not oppose the motion and agrees to pay the requested fees totaling $10,946. (ECF No. 90).

**RELEVANT BACKGROUND**

On April 2, 2021, the Court denied Plaintiff's motion to compel regarding twelve requests for production ("RFPs"). (ECF No. 73). The Court found that Plaintiff failed to specifically address the RFPs at issue, was not entitled to discovery relevant only to damages under the Song-Beverly Act, and was not entitled to identify custodians or search terms to be used by

Defendants. (*See generally, id.*). The Court ordered Plaintiff to show cause why Plaintiff should not be required to reimburse Defendants' reasonable fees and expenses in opposing the motion to compel. (*Id.* at 8). After reviewing the parties' filings, the Court found that Plaintiff's motion to compel was not substantially justified and that no other circumstances made an award or expenses unjust. (ECF No. 84 at 2).

Accordingly, on May 12, 2021, Defendants moved the Court for reasonable expenses incurred in opposing Plaintiff's motion to compel. (ECF No. 86). Defendants seek a total award of $10,946. (ECF No. 86 at 7). Plaintiff filed a statement of non-opposition on May 20, 2021 and agreed to pay Defendants the requested $10,946 in fees. (ECF No. 90).

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award or expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

The Supreme Court has made clear that determining the appropriate amount of attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In determining the size of a fee award, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts should not strive to "achieve auditing perfection" but should attempt "to do rough justice." *Id.* In so doing, courts may "take into account their overall sense of a suit" and may even "use estimates in calculating and allocating an

2

19cv2217-BAS-MDD

attorney's time." *Id.*

Even though it is impossible to determine with mathematical precision the amount of attorneys' fees and costs incurred by one party as a direct result of misconduct, courts must "abide by the injunction of the arithmetic teacher: Show your work!" *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013); *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183, 185 (9th Cir. 1996).

In the Ninth Circuit, courts calculate awards for attorneys' fees using the "lodestar" method. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 433). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (2001)). The reasonableness of the hourly rate is determined by the prevailing market rates in the community in which the court sits, for similar litigation by attorneys of comparable experience, skill and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 and n.11 (1984).

## ANALYSIS

Two firms, Schnader Harrison Segal & Lewis, LLP ("Schnader") and Huie Fernambucq & Stewart, LLP ("Huie") worked on Defendants' opposition to Plaintiff's motion to compel. (ECF No. 86 at 7). According to Defendants, counsel of record, Schnader, incurred fees of $6,744 and outside discovery counsel, Huie, incurred fees of $4,202. (*Id.*). Defendants request a total of $10,946 in attorney fees. (*Id.*).

### I.   Reasonable Hourly Rate

Determination of a reasonable hourly rate requires consideration of market rates for attorneys with "the experience, skill, and reputation of the

attorney requesting fees." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quotation marks and citation omitted). "Affidavits of the [moving] attorney and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

At Schnader, attorneys Stephen Dye and Charles F. Harlow worked on the opposition at issue. (ECF No. 86-1 ¶7). Mr. Dye serves as a partner, and possesses over 38 years of experience practicing law in California. (*Id.* at ¶¶1-4). His hourly billing rate to Ford in "lemon law" cases is $280. (*Id.* at ¶4). Mr. Harlow is also a partner at Schnader, was admitted to the California bar in 1999, and has gained substantial experience in automotive consumer warranty and fraud litigation in recent years. (*Id.*). Mr. Harlow's hourly billing rate here is $225. (*Id.*).

At Huie, a partner, associate, and paralegal billed time for their work opposing the motion to compel. (ECF No. 86-3 ¶10). Most of the fees requested by Huie were incurred by Partner, John Isaac Southerland. Mr. Southerland has an hourly rate of $290. (*Id.*). Fees were also incurred by Huie Associate, Woods Parker, at an hourly rate of $200 and by Huie Paralegal, Artley Young, at an hourly rate of $95. (*Id.*).

To support that Defendants' counsel's hourly rates are reasonable, Defendants compare their own rates, all of which are under $290, with those charged by one of the same firms representing Plaintiff in another "lemon law" case against Ford Motor Company. (ECF No. 86-1 ¶33). Defendants submitted the March 6, 2018 declaration of managing partner, Payam Shahian, which lists hourly partner rates ranging between $570 to $650, and associate rates from $335 to $495. (ECF No. 86-2). Defendants highlight

that Plaintiff's counsel requested even higher fees for attorneys with fewer years of experience than Mr. Dye and Mr. Harlow. (ECF No. 86-1 ¶33).

The Court finds that Defendants have produced satisfactory evidence that the hourly rates for its attorneys and staff are reasonable. The hourly rates are supported by declarations from lead counsel at each firm that worked on the motion and are consistent with this Court's knowledge of the rates charged in the San Diego community. Further, the requested rates do not exceed those previously approved in other "lemon law" cases within this District. *See, e.g.*, *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 U.S. Dist. LEXIS 142806 at *11 (S.D. Cal. Aug. 10, 2020) (granting plaintiffs' counsel hourly rate of $350 for partners, $225 for associates, and $200 for paralegals); *Hellenberg v. Ford Motor Co.*, No. 18cv2202 JM (KSC), 2020 U.S. Dist. LEXIS 64303 at *4 (S.D. Cal. Apr. 10, 2020) (granting plaintiff's counsel's hourly rates between $250 and $550).

**II.     Reasonably Expended Hours**

Generally, the Court should defer to the winning lawyer's professional judgment as to how much time the case required. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012). Counsel should exclude hours that are "excessive, redundant, or otherwise unnecessary" and the Court should decrease the hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434. A district court "may not uncritically accept a fee request," and is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case. *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002).

Defendants limit their request for reimbursement to time spent between the date Plaintiff filed the motion to compel, March 12, 2021, and the date Defendants filed their opposition, on March 30, 2021. (ECF No. 86

at 7). Defendants explain that opposing Plaintiff's motion was particularly time consuming because Plaintiff's motion to compel did not specifically address the RFPs at issue, and instead made other discovery demands. (*Id*.). This required Defendants to both address the specific issues raised by the the RFPs at issue, which would have posed an extreme burden on Ford if granted, and address the discovery demands made in Plaintiff's moving papers. (*Id*.).

Schnader's work on the opposition consisted of reviewing and analyzing the motion, and participating in preparing the draft opposition papers, revisions, and final opposition papers. (ECF No. 86-1 at ¶8). Mr. Dye billed 2.1 hours on the initial review and analysis of the moving papers, the history of the discovery dispute, and the review and revision of the Declaration of Counsel filed on March 19, 2021 (ECF No. 67). (ECF No. 86-1 at ¶8). Mr. Dye also billed 6.4 hours between March 22 and March 30, 2021 for review, revision and final preparation of the opposition papers, for a total of 8.5 hours. (*Id*.). Mr. Harlow billed for a total of 19.4 hours. (*Id.* at ¶9). Specifically, Mr. Harlow billed 5.3 hours to prepare the Declaration of Counsel filed on March 19, 2021, and 14.1 hours for "further analysis of the moving papers, preparation of the draft opposition brief, the declararation of counsel, exhibits, revisions to the opposition papers, and final preparation of the opposition papers." (*Id*.).

Defendants explain that involving the Huie firm, which has experience and expertise in Ford discovery matters, enabled them to more efficiently prepare Defendants' opposition. (*Id*. at 8). Huie's work on the opposition consisted of "analyzing the motion itself to assist with determining the issues in dispute, participation in preparing the response, and preparation of exhibits to support Ford's position, including a Declaration that [Mr.

6

Southerland] prepared to address the undue burden on Ford should Plaintiff be granted the relief requested." (ECF No. 86-3 at ¶8). Accordingly, Huie Partner, John Isaac Southerland, billed 12.7 hours at his hourly rate of $290; Associate, Woods Parker, billed approximately 2.3 hours at the hourly rate of $200; and Paralegal, Artley Young, billed approximately 0.6 hours at the houly rate of $95. (*Id.* at ¶10). Mr. Southerland further attested that all time expended on this motion was necessary, and that the rates charged are reasonable within this jurisdiction for attorneys and professionals of like experience and expertise. (*Id.* at ¶12).

Upon review of the hours submitted by Defendants' counsel, the Court finds that the hours expended in responding to this motion were not excessive, redundant, or otherwise unnecessary. Accordingly, Defendants expended a reasonable number of hours opposing Plaintiff's motion to compel.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' request for attorneys' fees and **ORDERS** Plaintiff to pay fees of $10,946 within 30 days of this order.

**IT IS SO ORDERED**.

Dated: May 26, 2021

*[signature]*

Hon. Mitchell D. Dembin
United States Magistrate Judge