1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DAVID HASTINGS,                         Case No. 19-cv-02217-BAS-MDD

12                          Plaintiff,
                                              **ORDER ON DEFENDANT'S**
13        v.                                  **RESPONSE TO THE COURT'S**
                                              **ORDER TO SHOW CAUSE**
14   FORD MOTOR COMPANY,

15                          Defendant.        **(ECF No. 124)**

16

17

18

19

20

21   **I.      BACKGROUND**

22          Plaintiff filed two applications to maintain the following documents under seal:

23   attorney Gregory Sogoyan's declaration and exhibits filed in support of Plaintiff's Reply

24   brief for his motion to amend (Apps. to Seal, ECF Nos. 106) and attorney Dara Tabesh's

25   unredacted declaration and related exhibits in support of Plaintiff's opposition to the

26   motion for summary judgment (App. to Seal, ECF No. 111).  The exhibits requested to be

27   sealed can be grouped into two categories: excerpts from Defendant Ford Motor

28   Company's 2013 Warranty Policy & Procedure Manual ("Warranty Manual") (Exs. A–C

1    to Sogoyan Decl., ECF No. 107; Exs. A, C–E to Tabesh Decl., ECF No. 112) and Ford's

2    Warranty Detail reports for Plaintiff's repair visits that took place on or after August 1,

3    2018 (Ex. B to Tabesh Decl., ECF No. 112).

4         On February 15, 2022, the Court issued an order denying without prejudice

5    Plaintiff's applications to seal. (Order, ECF No. 120.)  The Court found that the compelling

6    reasons standard governed and counsel's declarations did not satisfy the standard.  (*Id.*)

7    The Court required the parties to meet and confer to narrow the scope of documents to be

8    sealed, in compliance with Section 5.B of the Court's Standing Order for Civil Cases

9    ("Standing Order") and ordered Ford to file a response that establishes the compelling

10   reasons to maintain the applicable documents under seal.  (*Id.* at 5–6; Standing Order

11   § 5.B.)  The Court advised that if no response is filed to the Court's satisfaction, the Court

12   may order that the documents be filed in the public record.

13        Ford filed a response to the Court's Order, arguing that compelling reasons support

14   maintaining the excerpts from its Warranty Manual under seal because the excerpts

15   constitute confidential business information and trade secrets that cannot be disclosed

16   without damaging Ford's competitive standing.  (Ford's Resp., ECF No. 124.)

17

18   **II.   LEGAL STANDARD**

19        "[T]he courts of this country recognize a general right to inspect and copy public

20   records and documents, including judicial records and documents."  *Nixon v. Warner*

21   *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one

22   'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

23   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

24   *v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption

25   of access is 'based on the need for federal courts, although independent—indeed,

26   particularly because they are independent—to have a measure of accountability and for the

27   public to have confidence in the administration of justice.'"  *Ctr. for Auto Safety v. Chrysler*

28

1  *Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d

2  1044, 1048 (2d Cir. 1995)).

3      A party seeking to seal a judicial record bears the burden of overcoming the strong

4  presumption of access. *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden

5  depends upon whether the documents to be sealed relate to a motion that is "more than

6  tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  When

7  the underlying motion is more than tangentially related to the merits, the "compelling

8  reasons" standard applies. *Id.* at 1096–98.  When the underlying motion does not surpass

9  the tangential relevance threshold, the lesser, "good cause" standard applies. *Id.*; *see Pintos

10 v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (holding that the "good cause"

11 standard imposes a lower burden than the "compelling reasons" standard).  Under either

12 standard, "an order sealing the documents must be narrowly drawn to seal only those

13 portions of the record that, upon a balancing of the relevant interests, ought to be sealed."

14 *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX),

15 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

16     Under this Court's Standing Order, "[a] party seeking a sealing order must provide

17 the Court with: (1) a specific description of particular documents or categories of

18 documents to be protected; and (2) declaration(s) showing a compelling reason or good

19 cause to protect those documents from disclosure."  Hon. Cynthia Bashant's Standing

20 Order for Civil Cases ("Standing Order") § 5.B.  "The standard for filing documents under

21 seal will be strictly applied." *Id.*  Because "[t]here is a presumptive right of public access

22 to court records based upon common law and first amendment grounds," "[t]he fact that

23 both sides agree to seal a document or that a stipulated protective order was issued is

24 insufficient cause for sealing." *See id.* § 5.A.

25 //

26 //

27 //

28 //

19cv2217

1    **III.   ANALYSIS**

2        **A.    Warranty Manual**

3        Ford argues that compelling reasons support maintaining under seal the four pages

4  of excerpts from the Warranty Manual because they contain Ford's confidential business

5  policies and procedures governing warranty claims.  Compelling reasons may exist if

6  sealing is required to prevent documents from being used "as sources of business

7  information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

8  "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the

9  protection of 'a trade secret or other confidential research, development, or commercial

10  information.'" *GPNE Corp. v. Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16,

11  2015) (quoting Fed. R. Civ. P. 269(c)(1)(G)); *see also Bauer Bros. LLC v. Nike, Inc.*, No.

12  09cv500–WQH–BGS, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (finding

13  compelling reasons to seal because "public disclosure of [the defendant]'s confidential

14  business materials . . . could result in improper use by business competitors seeking to

15  replicate [the defendant]'s business practices and circumvent the considerable time and

16  resources necessary in product and marketing development").

17        Ford attaches a declaration from Jacob Doss, who has worked as Ford's Zone

18  Manager, Field Service Engineer, and Service Engineer, and, as relevant to the Warranty

19  Manual, has been a Manager in Ford's Customer Relationship Center since 2012.  (Doss

20  Decl. ¶ 2, ECF No. 124-1.)  Doss states that because of his experience and job duties at

21  Ford, he is "familiar with various types of documents that Ford generates in its normal

22  course of business, including warranty manuals and why such documents and information

23  are considered by Ford to be confidential," as well as "the steps Ford takes to maintain

24  their confidentiality or restrict public disclosure of this information."  (*Id.* ¶ 3.)  Doss

25  describes each document that Ford seeks to maintain under seal as follows:

26          • "FORD-HASTINGS001765 outlines for Ford's dealers the sequence in which

27            to apply various coverages in the event that multiple coverages apply, as well

28            as the various applicable deductibles" (*id.* ¶ 8);

- "FORD-HASTINGS001877 provides a detailed checklist for its dealers for handling warranty repairs under Ford's California Emissions Control Systems Defect Warranty" (*id.* ¶ 9);

- FORD-HASTINGS001928 "explains how a dealership should handle Field Service Actions, specifically, recalls and customer satisfaction programs, how to consult Ford's databases for information regarding applicable Field Service Actions, and the process dealerships should follow in the event of a recall" (*id.* ¶ 10); and

- FORD-HASTINGS001880 "sets out guidelines clarifying and defining coverage information for Ford's emissions control systems components" (*id.* ¶ 11).

According to Doss, Ford has developed these policies and procedures over many years through investing time and resources and has maintained the confidentiality of the documents. (*Id.* ¶¶ 12–13.) It is Doss's belief that if the documents are made public, Ford's competitors would be able to "replicate Ford's warranty policies and procedures, which are an essential component of Ford's business relations with its dealers, with minimal effort and expenditure." (*Id.* ¶ 13.) For this reason, Doss states that maintaining the documents under seal in this action would preserve Ford's competitive standing and institutional knowledge. (*Id.*)

The Court finds that Ford has established compelling reasons to maintain under seal the following excerpts from its Warranty Manual: FORD-HASTINGS001765, FORD-HASTINGS001877, FORD-HASTINGS001928, and FORD-HASTINGS001880.

### B.    Warranty Detail Reports

Ford's response does not address any reasons to maintain under seal the copies of Ford's Warranty Detail Reports attached as Exhibit B to the Tabesh Declaration. Because no response has been filed as to that exhibit, the Court orders Plaintiff to file the exhibit in the public record.

19cv2217

IV.   CONCLUSION

The Court directs the Clerk of the Court to accept and **MAINTAIN UNDER SEAL** the lodged documents (ECF Nos. 107, 112).  The Court **ORDERS** Plaintiff to file on the public record Exhibit B to the Tabesh Declaration (ECF No. 112 at 9–44) **on or before March 7, 2022**.

**IT IS SO ORDERED.**

**DATED: March 1, 2022**

Hon. Cynthia Bashant
United States District Judge

19cv2217